IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. ) |
| v. | ) ) |
| HATZEL & BUEHLER, INC., | ) **COMPLAINT** ) **AND JURY TRIAL DEMAND** ) |
| Defendant. | ) ) ) |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended ("ADEA") to correct unlawful employment practices and to provide appropriate relief to Charging Party Dean Weintraub and a class of applicants/candidates/potential candidates who were adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission alleges that Defendant Hatzel & Buehler, Inc. subjected Mr. Weintraub and a class of applicants/candidates/potential candidates for Defendant's estimator and project manager positions at its New Jersey branch to discriminatory hiring and recruitment practices because of age (40 years and older) in violation of the ADEA. Defendant also failed to maintain job applicant and hiring-related records in violation of the ADEA and 29 C.F.R. § 1627.3 and Title VII of the Civil Rights Act, as amended ("Title VII") and 29 C.F.R. § 1602.14.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this civil action under 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b), 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of

1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217. This action is further authorized and instituted pursuant to Section 7(a) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(a), and Section 709(c) of Title VII of the Civil Rights Act of 1964, as amended, 42. U.S.C. § 2000e-8(c).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the U.S. District Court for the District of New Jersey.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and Title VII, and is expressly authorized to bring this action under Section 7(b) of ADEA, 29 U.S.C. 29 U.S.C. § 626(b) and Section 709(c) of Title VII, 42. U.S.C. § 2000e-8(c).

4. At all relevant times, Defendant Hatzel & Buehler, Inc., a New York corporation (hereinafter "Defendant"), has continuously been doing business in the State of New Jersey and County of Mercer, as well as other jurisdictions, and has continuously employed at least twenty (20) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 11(b), (g), and (h) of the ADEA, 29 U.S.C. § 630(b), (g), and (h).

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

**ADMNISTRATIVE PROCESS**

7. On August 9, 2022, EEOC issued to Defendant a Determination finding reasonable cause to believe that Defendant violated the ADEA and failed to maintain job applicant and hiring-related records in violation of the ADEA and 29 C.F.R. § 1627.3 and Title VII and 29 C.F.R. § 1602.14 and inviting Defendant to join with EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory employment practices and provide appropriate relief.

8. EEOC engaged in communication with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Determination.

9. EEOC was unable to secure from Defendant a conciliation agreement that was acceptable to the Commission.

10. On September 16, 2022, EEOC issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

**GENERAL FACTUAL ALLEGATIONS**

12. In November 2020, Wes Howell became Vice President of Defendant's New Jersey branch, which oversees Defendant's operations in Hamilton, NJ and Mount Laurel, NJ.

13. As Vice President, Howell participates in every hiring decision and is responsible for all hiring and recruitment for Defendant's New Jersey branch.

14. Although Howell participates in every job interview for estimator and project manager positions at Defendant's New Jersey branch, he does not retain his notes from job interviews regardless of whether the candidates are hired.

15. Since at least November 2020 and continuing to the present, Defendant has refused to hire older applicants/candidates/potential candidates for project manager and estimator positions

at Defendant's New Jersey branch because of their ages (40 years and older).

16. Since at least November 2020 and continuing to the present, Defendant has subjected older applicants/candidates/potential candidates for Project Manager and Estimator positions at Defendant's New Jersey branch to discriminatory recruitment practices because of their ages (40 years and older).

17. Since at least November 2020 and continuing to the present, Defendant has relied upon its use of third-party recruiting companies and word-of-mouth recruitment for its Project Manager and Estimator positions.

18. In or around May 2021, Howell contacted a third-party recruiting company about two positions that Defendant was hiring for at its New Jersey branch: electrical estimator and project manager.

19. Howell told the recruiter that Defendant would not consider candidates with over 25 years of experience for either position.

20. On or about September 16, 2021, the third-party recruiting company contacted Dean Weintraub to see if he was interested in Defendant's estimator or project manager positions. At the time, Weintraub was 65 years old and had over 32 years of experience as an electrical estimator project manager.

21. Weintraub expressed interest, and the recruiter forwarded his résumé to Defendant on or around September 17, 2021.

22. A few days later, on September 22, 2021, Howell spoke with the third-party recruiting company and stated words to the effect that Weintraub was too old to be hired for the position because he was older than Defendant's ideal age range for the position, which was 30-45 years old.

23. That same day, the recruiter followed up with Weintraub and stated words to the effect that Defendant thought Weintraub was over the age range for the position.

24. Defendant, acting through Howell, has interviewed and later hired or rejected multiple candidates in the one-year period proceeding Weintraub's Charge of Discrimination and since the filing of that Charge.

25. Since November 2020, Defendant has refused to hire multiple candidates age 40 years and older for the estimator and project manager positions at Defendant's New Jersey branch because of their ages.

26. For instance, Defendant rejected Thomas Silvera, who applied for Defendant's estimator position in August 2021.

27. At the time of his application, Silvera was 58 years old and had over 12 years of electrical estimating experience.

28. On August 31, 2021, Howell forwarded Silvera's résumé to Defendant's Chief Estimator, Ken Durrua, with the note: "FYI. Seems to have started working around 1981. Would put him around 60 years old is my guess."

29. Howell and Durrua interviewed Silvera a week or so later. During the interview, they asked how long Silvera planned to work until he retired. Silvera told them he planned to work until he was 67, so he had about eight years left before retirement. Silvera never heard back from Defendant after the interview.

30. Howell told the recruiter that he did not hire Silvera because his clothing was not "presentable."

31. Howell offered a different explanation for his decision not to hire Silvera to EEOC. Howell told EEOC that Defendant did not hire Silvera because his experience working for the

Army Corps of Engineers and in solar energy was not the type of work that Defendant did.

32. Defendant previously made a job offer to Silvera for a position at Respondent's New Jersey Branch when that Branch was under the supervision of former Vice President, Scott Ayers.

33. Since November 2020, Defendant, acting through Howell, has hired at least four and potentially more persons for estimator and project manager positions at Defendant's New Jersey branch. All of the persons hired for those positions were younger than 40 years old.

## CAUSES OF ACTION

### COUNT I: Denial of Hiring Because of Age

34. The Commission incorporates by reference the factual allegations set forth in Paragraphs 1-33, above.

35. Since at least November 2020, Defendant has subjected Weintraub and a class of presently identified and unidentified project manager and estimator applicants/candidates/potential candidates for its New Jersey branch to ongoing denial of hiring because of their ages, 40 years and older, in violation of the ADEA.

36. The effect of the unlawful employment practices described in Paragraphs 34-35, above, has been to deprive Weintraub and a class of presently identified and unidentified project manager and estimator applicants/candidates/potential candidates for its New Jersey branch of equal employment opportunities and otherwise adversely affect their status as job applicants/candidates/potential candidates and employees because of their ages, 40 years and older.

37. The unlawful employment practices complained of in Paragraphs 34-36, above, were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

### COUNT II: Discriminatory Recruitment Practices Because of Age

38. The Commission incorporates by reference the factual allegations set forth in Paragraphs 1-33, above.

39. Since at least November 2020, Defendant has subjected Weintraub and a class of presently identified and unidentified project manager and estimator applicants/candidates/potential candidates for its New Jersey branch to ongoing discriminatory recruitment practices because of their ages, 40 years and older, in violation of the ADEA.

40. The effect of the unlawful employment practices described in Paragraphs 38-39, above, has been to deprive Weintraub and a class of project manager and estimator applicants/candidates/potential candidates for its New Jersey branch of equal employment opportunities and otherwise adversely affect their status as job applicants/candidates/potential candidates and employees because of their ages, 40 years and older.

41. The unlawful employment practices complained of in Paragraphs 38-40, above, were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

### COUNT III: Recordkeeping Violation - ADEA

42. The Commission incorporates by reference the factual allegations set forth in Paragraphs 1-33, above.

43. Since at least November 2020, Defendant has failed to retain and preserve personnel and employment records regarding New Jersey branch positions, including but not necessarily limited to notes of interviews for candidates for estimator and project manager positions, for a period of one year from the date of the personnel action to which they relate and until final disposition of an ADEA proceeding to which they are relevant in violation of Section 7(a) of the ADEA, 29 U.S.C. § 626(a), and 29 C.F.R. § 1627.3(b)(1) and (3).

44. These records are necessary and appropriate for the administration of the ADEA.

### COUNT IV: Recordkeeping Violation – Title VII

45. The Commission incorporates by reference the factual allegations set forth in Paragraphs 1-33, above.

46. Since at least November 2020, Defendant has failed to retain and preserve personnel and employment records regarding New Jersey branch positions, including but not necessarily limited to notes of interviews for candidates for estimator and project manager positions, for a period of one year from the date of their making or the personnel action to which they relate, whichever is later, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and 29 C.F.R. § 1602.14.

### PRAYER FOR RELIEF

Wherefore, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in age discrimination, including age discriminatory hiring and recruitment, and any other employment practice that constitutes discrimination because of age.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, successors, assigns, and all persons in active concert or participation with Defendant, from future violations of the Commission's ADEA and Title VII recordkeeping regulations.

C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities that eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to take such action to remedy the effects of its age discriminatory

recruitment practices and recordkeeping violations, including but not limited to undertaking paid advertising at its own expense in order to identify persons who would have been candidates for employment but-for Defendant's age-discriminatory practices and/or whose job applicant or hiring-related records were destroyed or discarded by Defendant since at least November 2020.

   E. Order Defendant to make whole Dean Weintraub by providing appropriate back pay with prejudgment interest and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including instatement and front pay in lieu thereof.

   F. Order Defendant to make whole a class of persons ages 40 years and older who were/are project manager and estimator applicants/candidates/potential candidates for its New Jersey branch by providing appropriate back pay with prejudgment interest and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including instatement and front pay in lieu thereof.

   G. Order Defendant to pay liquidated damages to Dean Weintraub for its willful violations described in Paragraphs 12-41, above.

   H. Order Defendant to pay liquidated damages to a class of persons ages 40 years and older who were/are project manager and estimator applicants/candidates/potential candidates for its New Jersey branch for its willful violations described in Paragraphs 12-41, above.

   I. Grant such other relief as the Court believes is necessary and proper in the public interest.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

LISA MORELLI
ACTING ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

*Debra M Lawrence* by MB per authorization

DEBRA M. LAWRENCE
REGIONAL ATTORNEY
EEOC – Philadelphia District Office

*Ronald L. Phillips* by MB per authorization

RONALD L. PHILLIPS
ASSISTANT REGIONAL ATTORNEY
OH Bar No. 0070263
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6714
Fax: (410) 962-4270
Email: ronald.phillips@eeoc.gov

*Megan M Block*

MEGAN M. BLOCK
SENIOR TRIAL ATTORNEY
PA Bar No. 319263
EEOC – Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Phone: (412) 588-6934
Fax: (412) 395-5749
Email: megan.block@eeoc.gov

10